No. 256 April 17, 2024 151

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF
THE STATE OF OREGON

In the Matter of L. M. H.,
A Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. J. H.,
*Appellant.*

Umatilla County Circuit Court
21JU05690; A182441

Robert W. Collins, Jr., Judge.

Submitted February 21, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Father appeals from a judgment terminating his parental rights to his child, L. On appeal, father assigns error to the juvenile court's determination that father was unfit because of certain conditions and circumstances that are seriously detrimental to L. We review *de novo*, ORS 419A.200(6) (2023); ORS 19.415(3), and affirm.

A parent's rights can be terminated where a court finds, by clear and convincing evidence, that a parent is "unfit by reason of conduct or condition seriously detrimental to the child," and that "integration of the child *** into the home *** is improbable within a reasonable time due to conduct or conditions not likely to change." ORS 419B.504.[1]

Having reviewed the record, we agree with the juvenile court that clear and convincing evidence establishes that father suffers from various conditions and has engaged in conduct that is seriously detrimental to L. We further agree that, given father's refusal to engage in treatment or services, integration of L into his home is improbable within a reasonable time.

Affirmed.

---

[1] Father does not challenge the court's conclusion that termination is in L's best interests. *See* ORS 419B.500(1) ("The parental rights of the parents of a ward may be terminated *** only upon a petition filed *** for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward ***.").